W. H. TAYLOR *et al.,* v. N. WELLS *et al.,* Appellants.

**Partnership:** WHEN TO BE WOUND UP: *Receivers.* Where the only assets of a partnership are the proceeds of the sale of its property, and, aside from the collection and distribution of such proceeds, the purpose of the co-partnership is ended, a referee and receiver should be appointed to close its affairs.

CONVERTING PROCEEDS OF SELLING PROPERTY: *Liability of one receiving proceeds on deposit.* The members of a firm authorized one of the partners and another to sell the partnership property for a certain sum and as much more if they could get it. They sold for a larger amount, depositing the sum named as the minimum selling price in a bank, and retaining the excess. The defendant had no connection with the transaction except to consent to the sale as attorney for one of the parties, and he was a partner in the bank in which the deposit was made. *Held,* that he was not liable for any part of the excess retained by the persons selling the property.

*Appeal from Mahaska District Court*—HON. JOHN T. SCOTT, Judge.

THURSDAY, FEBRUARY 7, 1901.

ACTION in equity for an accounting and for distribution of the assets of a partnership. Decree was rendered in favor of the plaintiffs. Defendants appeal.—*Modified* and *affirmed.*

*Bolton, McCoy & Bolton* for appellants.

*W. R. Lewis* for appellees.

GIVEN, J.—I. The following named persons, as copartners, were the owners of a brick and tile works in the proportions named: W. H. Taylor, one-fifth; Fred Fisher, one-fifth; N. Wells, two-fifths; W. Jack Wymore, one-fifteenth; A. J. Wymore, one-fifteenth, and George H. Wymore, one-fifteenth. A. J. Wymore, in his answer, disclaims

any interest in the assets of the co-partnership, but in his testimony he shows that he is owner of one-third of the interest held by George H. Wymore. These owners, being desirous of selling the property and closing the partnership, authorized George H. Wymore and W. N. Skinner to sell the same, which they did to one Lindsey White, and received as consideration his one promissory note for $400, payable in cash; two notes for $300 each, and two for $100 each, payable in brick and tile; also a certain house and lot. The $400 and the two $300 notes were deposited in the bank of E. B. and W. N. Skinner for the owners. G. H. Wymore and W. N. Skinner retained the two $100 notes, and they caused the house and lot to be conveyed to a person to whom they sold it, and they retained the proceeds of the sale. Plaintiffs claim that these men were to sell the brick works for not less than $1,000, and as much more as they could get therefor, and that they, therefore, should account for said two notes of $100, and for the house and lot. George H. Wymore and W. N. Skinner claim that they were authorized to sell the property for $1,000, and are entiled to keep all that they got over that sum. There is a conflict in the evidence as to what this agreement was. We are satisfied, however, that it was as claimed by plaintiffs. The court found that E. B. Skinner participated with George H. Wymore and W. N Skinner in making this sale, and held him liable to account with them for the two $100 notes and the proceeds arising from the sale of the house. As we understand the evidence, his only connection with the transaction was as attorney for N. Wells in consenting that the sale should be made and as a member of the banking firm in receiving said deposit. He does not appear to have had anything to do with the two $100 notes, nor with the house and lot, nor the proceeds of its sale, and therefore should not be held accountable therefor. The only assets of said partnership are said proceeds of the sale of the brick and tile works. Aside from the collection and distri-

bution of these, the purpose of the co-partnership is ended. The condition of the assets is such as to require a referee and receiver to close affairs of the partnership. The decree is modified in so far as it holds E. B. Skinner accountable for the two $100 notes and the proceeds of the sale of the house and lot, and, as thus modified, it is affirmed.—MODI-FIED and AFFIRMED.